UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-mc-80061-SINGHAL/MCCABE

MATTHEW ORSO, as successor trustee to
Kenneth D. Bell in his capacity as court-
ordered receiver for Rex Venture Group, LLC,
d/b/a ZeekRewards.com,

     Plaintiff,

v.

GERARD ST.-SIMON,

     Defendant,

v.

WELLS FARGO BANK, N.A., et al.,

     Garnishees.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon the Registration of Foreign Judgment against Defendant Gerard St.-Simon, which was referred to the undersigned by United States District Judge Raag Singhal. [DE 1; 14]. Having reviewed Defendant's Claim of Exemption and Request for Hearing ("Claim of Exemption") and being otherwise fully advised in the premises, the undersigned recommends that the Writ of Garnishment directed to Garnishees Truist Bank and Wells Fargo Bank be dissolved and Defendant's Claim of Exemption be denied as moot in light of the dissolution.

**I.     DISCUSSION**

On August 14, 2017, the United States District Court for the Western District of North Carolina entered a Final Judgment ("the Judgment") in favor of Plaintiff and against each member of a Defendant Class, including Defendant. [DE 1; 3; 4]. On December 16, 2019, the Judgment

was assigned to Movant Nationwide Judgment Recovery.  [DE 1; 3; 4].  On January 11, 2022,

Movant registered the Judgment in this Court. [DE 1].  On January 17, 2022, Movant filed Motions

for Writ of Garnishment After Judgment directed to Garnishees Truist Bank and Wells Fargo

Bank.  [DE 3; 4].  The unsatisfied amount of the Judgment is $2,510.03 plus post-judgment interest

pursuant to 28 U.S.C. § 1961.  *Id.*  Thereafter, a Writ of Garnishment was issued to Garnishees

Truist Bank and Wells Fargo Bank.  [DE 5; 6].

On May 5, 2022, Defendant filed a Claim of Exemption for two statutory exceptions: (i)

the funds are his Social Security benefits, and (ii) he is the "[h]ead of family wages" and provides

"more than one-half of the support for a child or other dependent and has net earnings of $750.00

or less per week."  [DE 13].

In Florida, the relevant standards for collection of money judgments are set forth in section

77.041(3), Florida Statutes, which provide as follows:

> Upon the filing by a defendant of a sworn claim of exemption and request for
> hearing, a hearing will be held as soon as is practicable to determine the validity of
> the claimed exemptions.  If the plaintiff or the plaintiff's attorney does not file a
> sworn written statement that answers the defendant's claim of exemption within 8
> business days after hand delivering the claim and request or, alternatively, 14
> business days if the claim and request were served by mail, no hearing is required
> and the clerk must automatically dissolve the writ and notify the parties of the
> dissolution by mail.

§ 77.041(3), Fla. Stat.  "Florida law requires garnishment statutes . . . to be strictly construed."

*Allen v. Robert F. DeLuca, M.D., P.A.*, 9:18-CV-81265, 2020 WL 1832323, at *2 (S.D. Fla. Mar.

25, 2020), *report and recommendation adopted*, 18-81265-CIV, 2020 WL 1828510 (S.D. Fla. Apr.

13, 2020) (citation omitted).

Here, Defendant filed his Claim of Exemption in the record on May 5, 2022, with proof

that he served his Claim of Exemption no later than May 3, 2022.  [DE 13].  Thus, even calculated

from the filing date, Plaintiff's response is overdue.  Plaintiff therefore failed to comply with

section 77.041(3), and the Clerk of Court "must automatically dissolve the writ and notify the parties of the dissolution by mail."  § 77.041(3), Fla. Stat.; *Holloway v. City of Orlando*, No. 15-129, 2017 WL 4773356, at *1-2 (M.D. Fla. Oct. 4, 2017).

## II.    RECOMMENDATION

For the reasons stated, the undersigned **RECOMMENDS** that the District Judge **DIRECT** the Clerk of Court to dissolve the Writ of Garnishment directed to Garnishees Truist Bank and Wells Fargo Bank and **DENY AS MOOT** Defendant's Claim of Exemption in light of the dissolution.

## III.    NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Raag Singhal.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 26th day of May 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc:    counsel of record; Gerard St. Simon, *pro se*.